IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL E. TACCINO, SR., | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. AMD 05-2812 |
| | : | |
| ALLEGANY COLLEGE OF MD, | : | |
|     Defendant | : | |

...o0o...

MEMORANDUM OPINION

Plaintiff Michael E. Taccino, Sr., acting pro se, has here asserted a claim of employment discrimination. Plaintiff purports to assert claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e), *et seq.*, as well as the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.*, against Allegany College of Maryland. Plaintiff's claims arise out of his non-selection to the position of part-time mailroom technician.

The court held an on-the-record hearing and carefully explained to the pro se plaintiff the procedures applicable to this kind of case. Thereafter, discovery proceeded pursuant to the scheduling order entered by the court. Now before the court is defendant's motion for summary judgment. Having received notice from the clerk pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), of the requirement of the rules, Taccino has filed his opposition to the motion. No hearing is needed.

The facts are not genuinely disputed: The entire hiring process was in conformity with the college's customary practices, including the provision of notice to applicants of, and

adherence to, the college's anti-discrimination policies. Plaintiff was one of 35 applicants who completed the written applications for the position of part-time mailroom technician. Plaintiff alone stated in his written application that had was "disabled." A search committee of four staff members reviewed the applications of the 35 candidates. The members of the committee were shielded entirely from extraneous demographic and related information concerning the applicants. Ten of the 35 applicants (including plaintiff) had mailroom experience, and five of those (but not plaintiff) were selected for interviews. The search committee notes reflect that plaintiff was not offered an interview for three reasons: (1) the age of his relevant experience (20 years); (2) a history of frequent job changes; and (3) better-qualified candidates. The selected candidate was a female more than 40 years old.

There is not a scintilla of evidence in the record that plaintiff was denied an interview for the position he sought on the basis of a prohibited characteristic. It is plain that, convinced in his own mind he surely was the most highly-qualified candidate, plaintiff simply believes in his "heart of hearts" that he has been the victim of unlawful discrimination of some sort. Plaintiff's subjective beliefs in this regard, even sincerely held beliefs, are insufficient as a matter of law to sustain his claims. Accordingly, the motion for summary judgment shall be granted. An order follows.

Filed: March 12, 2007                           /s/
                                                ANDRE M. DAVIS
                                                UNITED STATES DISTRICT JUDGE